**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Andrew KELLOGG, Defendant-Appellant.**

**No. 71–1329 (T–CR–1501).**

United States Court of Appeals, Tenth Circuit.

Feb. 28, 1972.

J. Roger Hendrix, of Marshall, Hawks, McKinney & Hendrix, Topeka, Kan., for defendant-appellant.

Adrian M. Farver, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., was with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

Kellogg was convicted of a violation of the Dyer Act, 18 U.S.C. § 2312, after trial to a jury in the District of Kansas. He appeals, asserting multiple trial errors. Most of such contentions of error warrant only summary consideration.

The sufficiency of the evidence to warrant conviction is not questioned as such. On June 20, 1970, the appellant purchased a 1970 Pontiac sedan from an automobile dealer in Watertown, South Dakota. In partial payment for the automobile the appellant gave the dealer a check for $2,729.09. The check, drawn on the account of Huxman and Dubbs, Inc., First State Bank of Ransom, Kansas, was made payable to J. C. Howard

and bore the signature of George L. Huxman. The appellant endorsed the check on the back with the name of the payee, J. C. Howard. Several days after the appellant took possession of the car, it was discovered that the check was worthless and that it had been stolen along with other blank checks in a burglary of Huxman and Dubbs, Inc.

The appellant was subsequently arrested in Junction City, Kansas, with the automobile in his possession. A search of the automobile by the Junction City Police produced, among other things, a typewriter, check protector, and blank checks of Huxman and Dubbs, Inc. At trial, these items were admitted into evidence over appellant's objections.

During the course of the trial an agent of the Federal Bureau of Investigation testified in detail concerning a voluntary statement made to him by Kellogg in which Kellogg admitted a series of car thefts and burglaries beginning in November, 1969, and terminating with his arrest on June 27, 1970, for the offense charged. The burglary of Huxman and Dubbs, Inc. was included in Kellogg's admissions. This testimony was admitted by the court under careful instructions noting that it could be considered "only to establish a course of conduct or a common scheme, design or intent" probing Kellogg's specific intent on the charge being considered. This evidence was clearly admissible under the court's instruction and appellant's contentions to the contrary are without merit. United States v. Burkhart, 10 Cir., 458 F.2d 201, filed February 14, 1972.

Complaint is also made that the court erred in allowing a lay witness, in this case a police officer, to demonstrate the use of the articles seized in the stolen car, checks, typewriter and check protector, to produce a check similar to the one used by Kellogg in obtaining original possession of the subject car. The witness merely performed the demonstration and expressed no opinion concerning the result. To allow or refuse such a demonstration is a discretionary matter with the trial court, but one that should be exercised affirmatively with caution. However, in the case at bar, any potential error in such regard is overwhelmed by the totality of the record showing appellant's manifest guilt.

Other appellate contentions have been considered and are without merit.

Affirmed.